UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                )
DAVID W. HAZARD,                )
                                )
          Plaintiff,            )
                                )      C.A. No. 20-299 WES
     v.                         )
                                )
STATE OF RHODE ISLAND           )
                                )
          Defendant.            )
_____)

## MEMORANDUM AND ORDER

Before the Court is David W. Hazard's Petition filed under 28 U.S.C § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Pet."), ECF No. 1.  The State of Rhode Island ("the State") has filed a Motion to Dismiss, ECF No. 6.  For the reasons set forth below, the Motion is GRANTED and the Petition is DENIED and DISMISSED.

I.  Background

Hazard is currently serving a fifteen-year sentence imposed by the Rhode Island Superior Court after he was found in violation of his probation in 2014.  The following is a summary of the criminal proceedings that led to Hazard's current incarceration.

On March 25, 2008, the State of Rhode Island filed a criminal information that charged Hazard with three counts of manufacturing, delivering, or possessing a controlled substance in violation of Rhode Island General Laws § 21-28-4.01-(a)(4)(i). See Docket W2-2008-0144A at 1, 3, ECF No. 6-1.  On April 17, 2008,

Hazard entered a plea of nolo contendere to each of these three counts.  Id. at 1-2.  Hazard was sentenced to twenty years with four years to serve and sixteen years suspended with probation. Id. at 2-3.

On or about November 23, 2013, the Warwick Police Department arrested Hazard and charged him with first-degree sexual assault, second-degree sexual assault, breaking and entering, simple assault, and larceny.  See Docket 32-2013-11088 at 1-2, ECF No. 6-2.  On April 8, 2014, a grand jury indicted Hazard on one count of first-degree sexual assault and one count of second-degree sexual assault.  See Docket K1-2014-0229A at 1-2, ECF No. 6-3.  On July 23, 2014, the Superior Court found that Hazard had violated his probation and ordered him to serve fifteen years of the suspended sentence he received in 2008.  See Docket W2-2008-0144A at 2-4; Pet. at 2.  In March 2016, the State dismissed the charges for which Hazard was indicted in April 2014.  See Docket K1-2014-0229A at 1.

After the 2013 case was dismissed, Hazard filed a motion to quash and terminate imprisonment pursuant to Rhode Island General Laws § 12-19-18(b), which the Superior Court denied on July 22, 2016.  See Docket W2-2008-0144A at 9.  Hazard later filed a motion for reconsideration that was also denied.  See id. at 10.

In March 2018, Hazard filed a petition for writ of certiorari appealing the Superior Court's orders denying his motions to

terminate imprisonment pursuant to Rhode Island General Laws § 12-19-18(b).  See Administrative Record ("Admin. Record") Exs. 1, 2, ECF Nos. 7-1, 7-2.  The Rhode Island Supreme Court denied his petition on February 11, 2019.  See Admin. Record Ex. 5, ECF No. 7-5.

Hazard filed the instant Petition on July 8, 2020, advancing three claims.  Hazard claims that: first, the State of Rhode Island violated his right to due process and equal protection of the laws under the Fourteenth Amendment, Pet. 6-8; second, the State violated his Eighth Amendment right to be free from cruel and unusual punishment by denying his motion to quash and terminate imprisonment because he allegedly qualified for release pursuant to Rhode Island General Laws § 12-19-18(b)(1) and (5), Pet. 8-13; and third, he was deprived of his Sixth Amendment right to counsel during his probation violation proceedings, id. at 13-14.

The State moves to dismiss Hazard's Petition, claiming that he failed to exhaust his state court remedies and failed to state a claim upon which the court may grant habeas relief.  See Mot. to Dismiss 4, 7.

II.  Discussion

Federal courts will "entertain . . . application[s] for a writ of habeas corpus" for petitioners alleging that they are being held "in custody pursuant to the judgment of a State court . . . in violation of the Constitution . . . of the United States."  28

U.S.C. § 2254(a).  But an application for a writ of habeas corpus can only be granted if "the applicant has exhausted the remedies available in the courts of the State."  Id. § 2254(b)(1)(A).  The Supreme Court "originally imposed" the exhaustion requirement to "infuse into our habeas jurisprudence the interests of comity and federalism."  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)).  "[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without [giving] an opportunity to the state courts to correct a constitutional violation."  Lundy, 455 U.S. at 518 (citations and quotations omitted).

To properly "exhaust a claim," a petitioner "must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Clements, 485 F.3d at 162 (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000)).  Simply put, the petitioner's "legal theory [articulated] in the state and federal courts must be the same."  Id. (quoting Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)).

First, with respect to Hazard's claim that the State violated his right to due process under the Fourteenth Amendment, he did not present that claim "fairly and recognizably . . . to make it

4

probable that a reasonable jurist would have been alerted to the existence of the federal question." Id. (quoting Casella, 207 F.3d at 20).   "[A] reasonable jurist" is "alerted to the existence of a federal question" by "specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, and the like[.]"   Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997) (citations and quotations omitted). Hazard's claim contains no such signals.

In Adelson, the First Circuit affirmed the district court's decision that the petitioner's claims were unexhausted.   Id. at 264.   In determining that the use of phrases like "proof beyond a reasonable doubt" was not enough to "ground a claim of exhaustion[,]" the First Circuit held that "mere incantation[s] of constitutional buzzwords, unaccompanied by any federal constitutional analysis, [do] not suffice to carry the burden of demonstrating fair presentment of a federal claim."   Id. at 263. Similarly here, in the form provided to him for his Petition for Writ of Certiorari, Hazard merely wrote the phrase "due process" along with "6th and 14th" into the blank space in the line, "This petition is presented pursuant to Section [blank] of the Rhode Island Constitution."   Admin. Record Ex. 1, at 1, ECF No. 7-1. Beyond these phrases, he made no reference to the federal law, other than to two Supreme Court cases that do not mention the

5

doctrine of due process. <u>See</u> <u>id.</u> at 17 (citing <u>Griffith v.</u>
<u>Kentucky</u>, 479 U.S. 314 (1987); <u>Medtronic, Inc. v. Mirowski Family</u>
<u>Ventures, LLC</u>, 571 U.S. 191 (2014)).  His arguments that the
Superior Court erred in denying his § 12-19-18 motion to quash and
terminate and in finding that he violated his probation rely only
on state law cases, none of which address constitutional claims.
<u>See generally</u> <u>id.</u>; Admin. Record Exs. 2, 3, and 4, ECF Nos. 7-2,
7-3, and 7-4.  "[A] habeas petitioner bears a heavy burden to show
that he fairly and recognizably presented to the state courts the
factual and legal bases of [his] federal claim[s,]" and Hazard has
not met his burden here.  <u>Adelson</u>, 131 F.3d at 263 (citations
omitted).  He has failed to exhaust his Fourteenth Amendment due
process claim.

Hazard also failed to exhaust his Eighth Amendment and
Fourteenth Amendment equal protection claims because he did not
raise either of them in the state court.  <u>See generally</u> Admin.
Record Exs. 1, 2, and 4.  Hazard asked for "relief and leniency"
as to his fifteen-year sentence and stated that his sentence was
"grossly and desprate [sic] from [those of] similar cases."  <u>See</u>
Admin. Record Ex. 4, at 3-4.  As stated above, he also listed
"14th" in the blank space provided in the form provided to him for
his Petition for Writ of Certiorari.  Admin. Record Ex. 1, at 1.
The lack of "federal constitutional analysis" here simply "does
not suffice to carry the burden of demonstrating fair presentment

of a federal claim." <u>Adelson</u>, 131 F.3d at 263 (citations omitted). In making these brief references, he therefore deprived the state court of any "opportunity . . . to correct . . . [either] constitutional violation." <u>Rose</u>, 455 U.S. at 518 (citations and quotations omitted).

Finally, as Hazard concedes that he did not raise his Sixth Amendment right to counsel claim in state court, he has failed to exhaust this claim. <u>See</u> Pet. 13; <u>see also</u> 28 U.S.C. § 2254(c); <u>Rose</u>, 455 U.S. at 518.

Accordingly, Hazard has not exhausted his state court remedies, and thus his petition must be dismissed.

III. Conclusion

As the Petition fails for failure to exhaust, the Court does not reach the merits of Hazard's claims. For the foregoing reasons, the Court GRANTS the State's Motion to Dismiss, ECF No. 6, and DENIES and DISMISSES Hazard's Petition for Writ of Habeas Corpus, ECF No. 1.

<u>RULING ON CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability because Hazard has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2). Moreover, the Court finds

that jurists of reason would not "find it debatable whether [this Court] was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Hazard is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2254 Proceedings.


IT IS SO ORDERED.


William E. Smith
District Judge
Date: March 1, 2021